UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUMPOY SAMSAGUAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 12-2219-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Lumpoy Samsaguan ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits. Because the Administrative Law Judge ("ALJ") erred when determining that Plaintiff was able to perform her past relevant work as a seamstress, the Commissioner's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for disability insurance benefits on September 17, 2009, alleging disability beginning October 10, 2008. At a hearing on July 19, 2011, the ALJ called a vocational expert ("VE") to testify

about what work Plaintiff could perform despite her limitations. AR 58-61. The ALJ gave the VE a hypothetical based on what the ALJ determined was Plaintiff's residual functional capacity ("RFC"):

> Q   I'd like you to consider a hypothetical individual the claimant's same age, educational vocational background. And we will assume the individual is able to read and write English at a functional level. That individual is limited to medium exertional work, never climbing ladders, ropes or scaffolds, and only occasional left-sided handling overhead, not repetitive; only occasional reaching above shoulder, which – actually I'm going to just – yes, above shoulder level, and not repetitive.
>
>    . . . Would that individual be able to perform any of the Claimant's past work?
>
> A   Yes, the singular job [as a seamstress], yes.

AR 58. In her decision, the ALJ relied on this answer to conclude that Plaintiff was not disabled because she perform her past relevant work as a seamstress:

> Based on the [RFC] found herein, the vocational expert testified the claimant can perform her past relevant work. [¶] In comparing the claimant's [RFC] with the physical and mental demands of this work, I find the claimant is able to perform it as generally performed. In making this determination, I rely on the vocational expert's testimony, which is accepted in accordance with SSR 00-4P.

AR 16.

///
///
///

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) concluding that Plaintiff was capable of performing her past relevant work and (2) assessing Plaintiff's credibility. See Joint Stipulation ("JS") at 4.[1]

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

---

[1] Because the ALJ erred in concluding that Plaintiff was capable of performing her past relevant work, the Court does not reach the remaining issue and will not decide whether this issue would independently warrant relief.

3

## IV.
## DISCUSSION

Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work as a seamstress because that job, as described in the Dictionary of Occupational Titles ("DOT"), is incompatible with the ALJ's RFC assessment. JS 4-8, 11-13. Plaintiff points out that the ALJ's RFC assessment determined that Plaintiff was able to perform only "occasional handling overhead with the left upper extremity" and "occasional[] reaching[ing] above the shoulder level with the left upper extremity." AR 13. Plaintiff contends that these limitations preclude her from her past relevant work as a seamstress because that job as described in the DOT requires "frequent" reaching. JS 6-7.

The requirements listed by the DOT for seamstress include reaching "frequently." See JS Ex. 1. The Social Security Regulations define reaching as "extending the hands and arms in *any* direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857 (emphasis added). It is apparent that the DOT's requirements conflict with a limitation of occasional reaching above the shoulder. When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00–4p, 2000 WL 1898704, at *2; see also Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. Id. at 1153-54 & n.19. In such a circumstance, the Court is unable to determine whether substantial evidence supports to ALJ's findings. Id. However, the Court may find the procedural error is harmless if the vocational expert provided sufficient support for his conclusion so as to justify any potential conflicts. Id. at 1154 n. 19.

Here, although the ALJ said that she accepted the VE's testimony in

4

accordance with SSR 00-4p, it is apparent from the record that the VE did not explain the basis for his conclusion that a person with Plaintiff's limitation to occasional handling overhead and occasional reaching above the shoulder with the left arm could perform the job of seamstress, a job which requires frequent reaching and handling according to the DOT. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case.[2] The VE concluded that Plaintiff could perform the listed job even though her limitations appear to contradict the job's requirements. This disparity required an explanation from an expert sufficient for the ALJ and the Court to defer to and rely upon. As a result, it appears that the Court "ha[s] an apparent conflict with no basis for the vocational expert's deviation," a circumstance that compels a remand so the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

The Commissioner argues that there is no conflict between the DOT and the Plaintiff's RFC for two reasons. Neither is persuasive. First, the Commissioner argues that Plaintiff can perform the work of a seamstress because she has no limitation in her ability to reach and handle with her dominant right hand. JS 8. But the DOT makes no distinction between reaching with the left or right hand in its guidelines. More importantly, however, the vocational expert did not rely on handedness to reach his determination that Plaintiff could perform her former duties as a seamstress. See Jordan v. Astrue, 2010 WL 2816234, *5 (S.D. Cal. 2010) (rejecting Commissioner's argument that record showed that claimant could reach with one arm and thus satisfied reaching requirement because there was no such

---

[2] SSR 00-4p describes some explanations for deviating from the DOT. For example, the VE could have testified that the DOT does not apply to Plaintiff's particular kind of past work as a seamstress. See SSR 00-4p, 2000 WL 1898704 at *2-3.

handedness distinction in the DOT). Thus, nothing in the record indicates that the fact that Plaintiff can reach in all directions with her one dominant hand means that she is capable of performing the job of a seamstress, as that job is defined in the DOT.

Second, the Commissioner contends that Plaintiff can perform the job of seamstress because she is only limited in her ability to reach above the shoulder but can still reach and handle with her left arm at or below shoulder level. JS 8. The DOT listing for seamstress, however, does not distinguish between overhead reaching and other kinds of reaching. See Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (remanding to ALJ where claimant was limited to occasional reaching above the shoulder whereas the job identified by the VE required frequent reaching under the DOT, stating, "It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help."); see also Mkhitaryan v. Astrue, 2010 WL 1752162, *3 (C.D. Cal. 2010) ("As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's shoulder limitation on her ability to perform the occupation of seamstress, and to sufficiently explain any deviation from the DOT, or erosion in the job base as a result of that limitation.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated:  January 21, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge