UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUMPOY SAMSAGUAN,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. ED CV 12-2219-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER GRANTING PLANTIFF'S<br>MOTION FOR EAJA FEES AND<br>COSTS |

## I.

## INTRODUCTION

On January 21, 2014, the Court entered an Opinion and Order reversing the Commissioner's decision denying Plaintiff's application for Social Security Disability Insurance benefits and remanding the case for further administrative proceedings. On April 21, 2014, Plaintiff filed a motion for award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes Plaintiff's application for attorney's fees, arguing that the government's position was "substantially justified," pursuant to 28 U.S.C. § 2412(d)(1)(A), precluding any award of fees. Alternatively, the Commissioner argues that the Court should reduce the number of hours.

Having considered the motion for attorney's fees, the Commissioner's opposition, and the reply, as well as the records and pleadings, the Court finds that the remand of Plaintiff's claim for a new administrative hearing constitutes a favorable decision and that the Commissioner's position was not "substantially justified." Accordingly, Plaintiff is entitled to an award of reasonable attorney's fees. In addition, the Court concludes that the number of hours for which counsel seeks reimbursement is reasonable, and therefore the Court declines to reduce the number of hours sought by counsel.

## II.

## DISCUSSION

**A.**    **Plaintiff Is Entitled to Attorney's Fees as the Prevailing Party Because the Government's Position Was Not Substantially Justified**

The EAJA provides that a court shall award reasonable attorney's fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 559 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

A position is "substantially justified" if it has a "reasonable basis both in law and fact." Pierce, 487 U.S. at 565. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. More recently, the Ninth Circuit has clarified that the government's position is "substantially justified" where supported by the record. Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) ("The government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had

2

substance in the record."). The government has the burden of proving its positions were substantially justified. <u>Flores v. Shalala</u>, 49 F.3d 562, 569-70 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." <u>Kali v. Bowen</u>, 854 F.2d 329, 334 (9th Cir. 1988.)

Here, the Court's judgment remanded the case for further administrative proceedings because the Administrative Law Judge ("ALJ") erred in relying upon the testimony of the vocational expert ("VE") to find that Plaintiff could perform her past relevant work as a seamstress. Although the VE testified that Plaintiff could perform her past work given a residual functional capacity ("RFC") which limited her to only occasional overhead and above shoulder reaching with her left hand, the Dictionary of Occupational Titles ("DOT") provides that the job requires frequent reaching. The ALJ did not seek any explanation from the VE regarding this apparent conflict between the VE's testimony and the DOT. The Court concluded that, based on applicable Social Security regulations and Ninth Circuit authority, the VE's failure to do so was error. The Court further concluded that the error was not harmless.

The Commissioner has not met her burden to show that her position – and in particular the position which caused this civil action – was substantially justified. The Commissioner argued that there was no conflict between the VE's testimony and the DOT because Plaintiff could perform the job with her right hand and with reaching of her left hand at or below shoulder level. However, the Court rejected both of these arguments as unpersuasive because the DOT makes no distinction between reaching with the left or right hand and between overhead reaching and other kinds of reaching. <u>See</u> Dkt. 26 at 5-6.

Accordingly, the Court finds that the Commissioner has failed to show that her position was "substantially justified." Plaintiff is therefore entitled to

3

1    an award of attorney's fees under the EAJA as the prevailing party.[1]

2    **B.    <u>The Hours Claimed by Plaintiff Are Reasonable</u>**

3        Plaintiff seeks an award in a total amount of $7,708.64, which consists of

4    the following: (1) $258.05 for work on the merits of the case in 2012, which

5    represents 1.4 hours of attorney time at $184.32 per hour; (2) $5,950.95 for

6    work on the merits of the case in 2013, which represents 31.9 hours of attorney

7    time at $186.55 per hour; (3) $506.90 for paralegal work on the case, which

8    represents 3.7 hours of paralegal time at $137 per hour; (4) $60.00 in costs for

9    service of the summons and complaint; and (5) $932.75 for preparation of the

10   reply memorandum, which represents 5 hours of attorney time at a rate of

11   $186.55 per hour. The total number of hours for which Plaintiff is seeking

12   attorney's fees is 42 (38.3 attorney hours and 3.7 paralegal hours).

13       This Court has the discretion to evaluate the reasonableness of the

14   number of hours claimed by a prevailing party. <u>Sorenson v. Mink</u>, 239 F.3d

15   1140, 1145 (9th Cir. 2001); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th

16   Cir. 1992). The Court should exclude hours that were not reasonably

17   expended. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1992). In determining

18   reasonableness, the Court must consider, among other factors, the complexity

19   of the case or the novelty of the issues, the skill required to perform the service

20   adequately, the customary time expended in similar cases, as well as the

21   attorney's expertise and experience. <u>Kerr v. Screen Extras Guild, Inc.</u>, 526

22   F.2d 67, 70 (9th Cir. 1975); <u>Widrig v. Apfel</u>, 140 F.3d 1207, 1209 n.5 (9th Cir.

23   _____

24       [1] To the extent the Commissioner suggests that Plaintiff's attorney's fees
     should be reduced because this Court did not reach the other issues on appeal

25   under the reasoning of <u>Hardisty v. Astrue</u>, 592 F.3d 1072 (9th Cir. 2010), the

26   Court disagrees for the reasons stated in <u>Cudia v. Astrue</u>, No. 08-1676, 2011
     WL 6780907, at *5-*7 (E.D. Cal. Dec. 27, 2011), and <u>Roberts v. Astrue</u>, No.

27   10-5225, 2011 WL 3054904, at *5 (W.D. Wash. June 29, 2011).

28

                                       4

1   1998). In reducing a fee award, the Court must provide a clear and concise

2   explanation of how it arrived at the number of compensable hours in

3   determining the appropriate fee. <u>Sorenson</u>, 239 F.3d at 1145; <u>Hensley</u>, 461

4   U.S. at 437.

5           The amount of time required to litigate any case can be highly variable

6   and is the subject of much debate. The Ninth Circuit recently clarified that "it

7   is [ ] an abuse of discretion to apply a de facto policy limiting social security

8   claimants to twenty to forty hours of attorney time in 'routine' cases." <u>Costa v.</u>

9   <u>Comm'r of Soc. Sec. Admin.</u>, 690 F.3d 1132, 1136 (9th Cir. 2012). Further,

10  the court questioned "the usefulness of reviewing the amount of time spent in

11  other cases to decide how much time an attorney could reasonably spend on

12  the particular case before the court." <u>Id.</u> Rather, the inquiry into the

13  reasonableness of a fee request must be based on the facts of each case.

14  <u>Hensley</u>, 461 U.S. at 429.

15          The Court must generally give deference to the "winning lawyer's

16  professional judgment as to how much time he was required to spend on the

17  case," particularly in contingency fee cases, such as this one. <u>Costa</u>, 690 F.3d

18  at 1136 (citing <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1112-13 (9th

19  Cir. 2008) (noting that "lawyers are not likely to spend unnecessary time on

20  contingency fee cases in the hope of inflating their fees" because "[t]he payoff

21  is too uncertain"). Here, after reviewing the time records counsel submitted

22  and the pleadings in this matter, the Court finds that the total requested time of

23  42 hours is reasonable. <u>See, e.g.</u>, <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1446 (9th

24  Cir. 1991) (approving 54.5 hours as reasonable for services rendered before

25  both the district court and the court of appeals in a social security case),

26  <u>abrogated on other grounds by</u> <u>Sorenson</u>, 239 F.3d at 1149. The hours

27  requested for each task, primarily in reviewing the record and drafting the

28  briefs, appear reasonable and supported by sufficiently detailed billing records.

The Commissioner also contends that Plaintiff's requested hours should be reduced because Plaintiff's counsel billed 1.4 attorney hours and 1.6 paralegal hours for work performed before this civil action was filed. The Commissioner cites to 28 U.S.C. 2412(d); Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991), and Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir. 2000), for the proposition that Plaintiff is precluded from seeking any fees under the EAJA for work completed prior to the commencement of this civil action. See Dkt. 30 at 9-10.

The cited authority does not support the Commissioner's position. In Mendenhall, the Ninth Circuit held that 18 U.S.C. § 2412(b) did not permit an award of attorney's fees for work conducted during pre-litigation *administrative* proceedings. The court did not, however, hold that the EAJA precluded an attorney's fee award for work performed in preparation for filing a civil action. 213 F.3d at 467–69. In Melkonyan, the Supreme Court held that, although the EAJA generally does not provide for an award of attorney's fees for work performed in administrative proceedings, EAJA fees for work done at the administrative level may be collected where "the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." 501 U.S. at 97.

Here, the 1.4 attorney hours and 1.6 paralegal hours were not expended for work performed during an administrative proceeding, but rather for time spent reviewing the case in order to pursue an action in federal court for judicial review of the Commissioner's decision. Accordingly, the cases relied upon by the Commissioner are inapposite and do not preclude Plaintiff from seeking compensation for the work performed prior to filing this civil action. See, e.g., Thompson v. Astrue, No. 11-0429, 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012) (rejecting similar argument).

///

6

In addition, contrary to the Commissioner's argument, Plaintiff is entitled to an award of costs and expenses under the EAJA as the prevailing party in this litigation. <u>See</u> 28 U.S.C. § 2412(a)(1) (stating that a judgment for costs, as enumerated in 28 U.S.C. § 1920, may be awarded to the prevailing party); 28 U.S.C. § 2412(d)(1)(A) & (d)(2)(A) (providing that fees and other expenses recoverable by the prevailing party include the reasonable expenses of expert witnesses and the reasonable cost of any study, analysis, engineering report, test, or project found by the court to be necessary for preparation of the party's case); <u>see also</u> Fed. R. Civ. P. 54(d)(1) (stating that costs may be imposed against the United States, its officers, and its agencies only to the extent permitted by law); C.D. Cal. Local Rule 54-3.2 (identifying "[f]ees for service of process" as taxable cost); <u>Patterson v. Apfel</u>, 99 F. Supp. 2d 1212, 1215 (C.D. Cal. 2000) (as prevailing party in social security disability case, claimant was entitled to an award of costs and expenses under the EAJA). The Court concludes that Plaintiff reasonably and necessarily incurred costs of $60 for filing and service of the complaint in this action, and is therefore entitled to recover these costs.

Finally, the Commissioner argues that, if any EAJA fees are to be awarded, the Court should order the fees paid to Plaintiff notwithstanding Plaintiff's assignment of any such fees to her counsel under <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010). <u>See</u> Dkt. 30 at 12-14. The Court does not agree that <u>Ratliff</u> precludes direct payment of EAJA fees to Plaintiff's counsel, subject to any offset to satisfy any pre-existing debt that Plaintiff may owe the government. <u>See</u> <u>Ramirez v. Colvin</u>, No. 12-5308, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013) (concluding that "plaintiff's counsel is entitled to direct payment of the EAJA award if there has been a valid assignment" subject to "offset to satisfy any pre-existing debt that the litigant owes to the United States").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's EAJA Petition is GRANTED; (2) Plaintiff is awarded EAJA fees in the amount of $7,648.64 and costs in the amount of $60.00; and (3) the Commissioner shall pay such EAJA fees, subject to any offset to which the Government legally is entitled, directly to Plaintiff's counsel.

Dated:  October 6, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

8